UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
Louisville Division

STEVEN E. BRADEN
105 Pecan Drive
Bardstown, Kentucky 40004   Case No.: 3:19-CV-257-RGJ
Address
    Plaintiff

**VERIFIED COMPLAINT**

vs.

NORTON HEALTHCARE, INC.
Serve Registered Agent: Robert B. Azar
4967 U.S. Hwy 42 Suite 101
Louisville, Kentucky 40222

LIFE INSURANCE COMPANY OF NORTH AMERICA as Plan Administrator of the
NORTON HEALTHCARE, INC. LONG-TERM DISABILITY PLAN
Serve: Any Officer
2 LINA Place
1601 Chestnut Street
Philadelphia, Pennsylvania 19192-2211
    Defendants

\* \* \* \* \*

Comes the plaintiff, Steven E. Braden, individually after first being duly sworn, and by counsel, and for his cause of action against the defendants, Norton Healthcare, Inc. and Life Insurance Company of North America as Plan Administrator of the Norton Healthcare, Inc. Long-Term Disability Plan, states as follows:

JURISDICTION AND VENUE

1.    This Court has jurisdiction of this civil action pursuant to 29 U.S.C. Sec. 1132(e)(1) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sec. 1001, et. seq. ("ERISA"), in that it involves claims relating to and in connection with employee benefit plans established or maintained by an employer and governed by ERISA.

2. Venue is proper in this Court pursuant to 29 U.S.C. Sec. 1132(e)(2) in that this ERISA action is brought in the judicial district wherein some or all defendants maintain a substantial presence.

3. This is an action to recover benefits under employee benefit plans, programs and arrangements; for restitution for the value of lost benefits; and for other appropriate relief brought under the provisions of ERISA, 29 U.S.C. Sec. 1132(a)(1)(B).

4. The plaintiff, Steven E. Braden ("Braden"), is a resident of Bardstown, Nelson County, Kentucky.

5. The plaintiff, at all times relevant hereto, was an employee of Norton Healthcare, Inc. ("Norton"). Norton provided to its employees, including the plaintiff, and/or gave its employees the opportunity to purchase, certain benefits.

6. Some or all of Norton's plans are employee benefit plans under ERISA. The defendant, Norton, maintains a substantial presence in Jefferson County, Kentucky where the plaintiff worked. Norton promised, at all relevant times, to provide benefits under the plan to employees of Norton. Certain benefits alleged by the plaintiff to be denied are provided to Norton employees as the policyholder and issued through defendant Life Insurance Company of North America ("LINA").

7. Norton maintains or sponsors employee benefit plans, programs, and arrangements in which employees of Norton are and were eligible to participate, specifically including a long-term disability ("LTD") policy.

8. Defendant LINA is believed to be the Plan Administrator of the LTD plan covering the plaintiff and is the fiduciary of some or all of Norton's ERISA Plan(s), in particular the plan covering the plaintiff, Steven E. Braden.

## FACTS

10. The plaintiff worked as an employee of defendant Norton Healthcare, Inc. in Jefferson County, Kentucky prior to becoming disabled. The plaintiff's work was classified as Registered Pulmonary Function Technologist/Respiratory Therapist. Braden participated in Norton's employee benefit plans and arrangements and received benefits made available to the employees of Norton generally during his employment.

11. As part of Norton's employee benefits, Norton made long-term disability insurance coverage available to its employees under its LTD plan.

12. The plaintiff worked for defendant Norton until on or about March 21, 2011, at which time he claimed total disability and took a leave of absence on the advice of his physician(s), as plaintiff was advised by his physician(s) that he could not return to work because he suffered from spinal stenosis, lumbar herniated disc at L3-4 interspace on the right with claudication without myelopathy. He underwent emergent surgery on March 28, 2011 (a lumbar discectomy at L3-4 on the right with lumbar laminectomy at L4 on the right). Post-op, Braden still suffered radicular pain in his bilateral lower extremities. He also had evidence and a history of cervical disc herniation with bilateral upper extremity radiculopathy, numbness and tingling.

13. Thereafter, the plaintiff was unable to return to the workplace. His last date of work with Norton was on or about March 21, 2011. Accordingly, he applied with defendant LINA for disability benefits. LINA accepted this application. Plaintiff was found disabled under the terms of the LTD Plan on or about October 2, 2012, retroactive to November 1, 2011 after an adverse claim determination was overturned and benefits awarded as a result.

14. On a review of benefits in 2015, LINA advised the plaintiff he had to undergo Functional Capacity Evaluation and Physical Ability Assessment testing. During the testing procedure of his physical abilities, which was performed on September 10, 2015, Braden's injuries were exacerbated and he subsequently had to undergo additional back surgery.

15. However, as a result of the Functional Capacity Evaluation and Physical Ability Assessment testing, LINA decided that Braden no longer qualified for long-term disability benefits and notified him by letter dated October 13, 2015 that benefits were not payable beyond October 9, 2015 (although payments were made through November 9, 2015) (see **Exhibit 1**).

16. Braden submitted a timely appeal of this determination on April 7, 2016 and thereafter submitted additional medical records and a vocational expert analysis. Nevertheless, on January 9, 2018, LINA, as Plan Administrator, made its final determination, upholding and maintaining its decision to deny the plaintiff long-term disability benefits beyond October 9, 2015 (although payments were made through November 9, 2015) (see **Exhibit 2**).

17. The defendant Plan defines "disability" or "disabled" for the time period in question to mean:

> "After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. Unable to earn 60 percent or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability."

4

19. The plaintiff suffers from extensive back issues, including but not limited to (a) spinal stenosis; (b) lumbar herniated disc at L3-4 with L3-4 laminectomy (surgery performed March 28, 2011); (c) post L4-S1 laminectomy (surgery performed December 28, 2011); (d) post lumbar fusion at L4-S1 (surgery performed June 6, 2012); and (e) post lumbar decompression and fusion at L2-4 (surgery performed November 23, 2015), among other co-morbidities which include depression and anxiety. The plaintiff has had an additional surgery (May 2018) after the record was closed and additional extensive medical issues not reflected in the record.

20. Since he was forced to leave work, Braden has been continued on extensive pain medications to be able to handle his pain and multiple surgeries (five to date), the last of which was performed in May 2018. The plaintiff's physical and mental conditions render him unable to perform the material duties of any occupation for which he is, or may reasonably become, qualified based upon his education, training and experience. The plaintiff is also unable to earn at least 60 percent of his Indexed Earnings.

21. Accordingly, the plaintiff's condition meets the disability criteria as defined by the defendant's in the Plan.

22. On May 10, 2013, the plaintiff was awarded Social Security Disability benefits retroactive to December 2012 arising out of the same medical conditions set forth herein.

23. Defendant LINA's denial of plaintiff's entitlement is arbitrary and capricious. At no time has LINA articulated a rational or sound basis for its termination of plaintiff's benefits and denial of his plaintiff's appeals. LINA's decision to terminate

LTD benefits to the plaintiff has served to breach the fiduciary duty it owes to the Plan participants generally and the plaintiff specifically.

24. As a result, the plaintiff has suffered damages including loss of disability benefits available to the plaintiff from his employment benefits, which have arbitrarily been denied.

## CLAIM FOR RELIEF

### COUNT I
### Claim for ERISA Benefits

25. The plaintiff reiterates and realleges all of the allegations contained in paragraphs one through 24 above, except where in conflict or contrast to the allegations made herein.

26. Pursuant to ERISA, the plaintiff is entitled to benefits under those plans, programs, and arrangements established or maintained by Norton, including the defendant's long-term disability Plan which is administered by defendant LINA from November 10, 2015 through present date and thereafter, in which the plaintiff would have been entitled to participate and would have received benefits had LINA not have inappropriately terminated his benefits and/or, thereafter, if it had properly reinstituted benefits following Braden's appeal.

27. As a direct and proximate result of the actions of the defendants in denying plaintiff's claim for continuation of long-term disability benefits, the plaintiff has lost benefits under the defendant's Plan in an amount not yet known in full by the plaintiff at this time.

WHEREFORE, the plaintiff, Steven E. Braden, respectfully requests this Court to enter a final judgment against the defendants as follows:

(1)  For declaratory judgment against the defendants on plaintiff's claims for benefits under the defendant's Plan and any and all relief to which the plaintiff may be entitled under the provisions of ERISA with respect to the defendant's Plan governed by ERISA, and under the provisions of state law with respect to the defendant's Plan not governed by ERISA, including vesting and calculation of benefits under the defendant's Plan based on his service with the defendant company, Norton;

(2)  Interest on all amounts wrongfully denied to the plaintiff;

(3)  The costs and the reasonable attorney fees the plaintiff expends in this action; and

(4)  Any and all other relief to which he may appear entitled.

_____
J. GREGORY JOYNER, PLLC
JOYNER LAW OFFICES
2300 Hurstbourne Village Drive STE # 700
Louisville, Kentucky 40299
(502) 491-7551; fax: (502) 491-7558
greg@joynerlawoffices.com
COUNSEL FOR PLAINTIFF

## VERIFICATION OF COMPLAINT

I, STEVEN E. BRADEN, am the plaintiff in this action. I have read the above complaint and all statements and allegations made in the complaint are true and correct to my best knowledge and belief.

_____
STEVEN E. BRADEN

STATE OF KENTUCKY   )
                    ) SS:
COUNTY OF JEFFERSON )

Subscribed, sworn and acknowledged before me by STEVEN E. BRADEN on this the 13th day of March, 2019.

My commission expires Oct 4, 2022. Notary ID: 608001

_____
NOTARY PUBLIC, STATE-AT-LARGE, KY